OPINION OF THE COURT
Robert A. Rybak, J.
Michael John Vinett, a security officer for the Shenendehowa School District, testified that he was directing traffic on *347 school property when students were being dismissed on May 14, 1992. He observed a vehicle with its turn signal on approaching him. He signaled the vehicle to stop, but the vehicle continued to make the turn. He further testified that another security officer, who was not called to testify, tried to stop the vehicle, but was not successful. The witness then testified that he was finally able to stop the vehicle and then called the Sheriffs Department. As a result of the witnesses’ allegation, Deputy Sheriff T. J. Goodwin issued the defendant a traffic ticket charging the defendant with a violation of section 1102 of the Vehicle and Traffic Law which reads as follows: "No person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic.”
The defendant testified that he did stop in response to Mr. Vinett’s direction and only made the turn after Mr. Vinett stopped other traffic.
The first issue to be decided is whether a school security officer is a person "duly empowered to regulate traffic” pursuant to section 1102. In People v Jennings (75 Misc 2d 408), the court concluded that a school crossing guard was "duly empowered to regulate traffic” pursuant to section 1102 and, therefore, the driver of a vehicle had to obey the guard’s directions. However, section 208-a of the General Municipal Law clearly provides for a municipality to appoint such crossing guards and specifically grants them the authority to regulate traffic. No similar authority exists with respect to school security guards and the State Comptroller has issued an opinion (1981 Opns St Comp No. 81-31) that a school district does not have such authority. While section 1670 of the Vehicle and Traffic Law authorizes a school district to regulate traffic on school property, it does not authorize a school security officer to regulate traffic. Accordingly, while a person would have to obey all properly erected traffic control signs, i.e., stop signs, speed limit signs, etc., there is no legal requirement that a driver obey a school security officer’s direction.
It is the finding of the court, therefore, that a school security officer is not a "person duly empowered to regulate traffic” pursuant to section 1102 of the Vehicle and Traffic Law and the charge is hereby dismissed.
The court is fully aware of the potential adverse impact that the failure to obey such directions may have on safety. *348 However, the role of the court is to interpret the law, not to make the law. The State Legislature should investigate this issue to determine if school security officers should have the same power that crossing guards have.